# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

CASE NO.: 3:26-cv-00330

JEANETTE RODRIGUEZ and CYEJUAN
WASHINGTON,

      Plaintiff(s),

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

      Defendant.

_____/

## COMPLAINT

COME NOW, Plaintiffs JEANETTE RODRIGUEZ and CYEJUAN WASHINGTON (hereinafter "Plaintiffs"), by and through the undersigned counsel, and sue Defendant STATE FARM FIRE AND CASUALTY COMPANY (hereinafter "Defendant" or "State Farm"), and allege the following:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs (citizens of North Carolina) and Defendant (a foreign corporation organized under the laws of a different state and/or with its principal place of business outside North Carolina), and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is proper in the Western District of North Carolina, Charlotte Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the

claims occurred in this District, specifically in Mecklenburg County, North Carolina, where the insured property is located.

## <u>GENERAL ALLEGATIONS</u>

3. At all times relevant hereto, Plaintiffs were the owners of the property located at 15135 Alijon Ct, Charlotte, NC 28278 (hereafter "Property").

4. In consideration of premiums paid by Plaintiffs, Defendant issued Plaintiffs a valid, binding, and enforceable policy of insurance bearing policy number 33-GB-X172-1 (hereafter "Policy"), that insured the Property. A true and correct copy of the Policy is incorporated herein by reference.

5. Plaintiffs purchased the Property in June 2022, at which time State Farm began insuring the Property and accepted the roof in its then-existing condition.

6. On or about May 8, 2025, the Property suffered direct physical loss and damage as a result of a severe hail/wind storm.

7. Plaintiffs timely reported the loss to Defendant and submitted Claim No. 33-84S3-15L.

8. Plaintiffs retained a public adjuster who documented extensive hail/wind damage to the roof necessitating a full roof replacement.

9. State Farm opened coverage only for a nominal portion of the home but denied the majority of the claimed damages, citing wear, tear, and deterioration unrelated to the May 8, 2025 weather event.

10. Because State Farm's denial rested primarily on allegations of pre-existing wear, tear, and deterioration, Plaintiffs repeatedly requested (beginning in July/August 2025) any property inspection reports from the June 2022 purchase and State Farm's own underwriting and pre-loss inspection reports from around the time of policy issuance. These records are critical to

evaluating the roof's condition when coverage was bound and directly refute or support State Farm's pre-existing damage defense.

11. On August 21, 2025, Claim Specialist Chad Lopez refused to produce the requested underwriting and pre-loss inspection reports, stating they were "considered proprietary." Plaintiffs contacted the issuing agent, Danielle Pennington's office, on or about August 21, 2025, and were informed that the claims department had directed the agent not to provide the information.

12. Plaintiffs also advised State Farm that it had opened coverage on at least three other claims in the same neighborhood arising from the identical May 8, 2025 hail/wind storm—highly relevant information that further undermines State Farm's position that the damage at this Property was pre-existing.

13. On April 23, 2026, Plaintiffs provided State Farm with a comprehensive independent engineering report prepared by Synergyn Forensics Engineering (Devon Hunt, P.E.) following an on-site inspection on February 12, 2026. The Synergyn report concludes, within a reasonable degree of engineering certainty, that the roof sustained widespread hail impact and wind-related damage directly caused by the May 8, 2025 storm event and recommends full roof replacement in accordance with the North Carolina Building Code.

14. On April 24, 2026, Claims Specialist Leigh Anne Tucker responded in a cursory and flippant manner: "We received the assessment report prepared by Synergyn Forensics Engineering and completed review. The damage observed in the photos do not depict hail damage but show results of wear, tear, deterioration and not covered. Granule loss is present throughout the entire roofing system. State Farm's coverage position remains the same as previously communicated." No competing expert opinion or substantive analysis was provided.

15. Despite Plaintiffs providing all requested documentation, including the Synergyn engineering report and photographic evidence, State Farm has paid only a nominal amount and has failed and refused to issue supplemental payments for the full scope of covered damages.

16. All conditions precedent to recovery under the Policy have been satisfied by Plaintiffs or otherwise waived by Defendant.

## COUNT I
### Breach of Contract (Claim Number: 33-84S3-15L)

17. Plaintiffs reincorporate Paragraphs one (1) through sixteen (16) as if fully set forth herein.

18. The Policy is a valid and enforceable contract between Plaintiffs and Defendant that provides coverage for direct physical loss to the Property, including hail and wind damage to the roof and resulting interior water damage.

19. Plaintiffs performed all conditions precedent under the Policy.

20. Defendant breached the Policy by failing to pay the full amount owed for the covered loss, including failing to adequately adjust and pay for the full roof replacement necessitated by the May 8, 2025 hail/wind event.

21. As a direct and proximate result of Defendant's breach, Plaintiffs have suffered damages, plus interest, costs, and attorneys' fees.

## COUNT II
### Unfair and Deceptive Trade Practices (N.C. Gen. Stat. 75-1.1)

22. Plaintiffs reincorporate Paragraphs one (1) through twenty-one (21) as if fully set forth herein.

23. Defendant's handling of Plaintiffs' claim constitutes unfair and deceptive acts or practices in or affecting commerce in violation of N.C. Gen. Stat. § 75-1.1, including but not limited to the following practices made unlawful under N.C. Gen. Stat. § 58-63-15(11), which are per se violations of § 75-1.1:

a. (a) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue by denying the majority of the claim on the basis of pre-existing wear, tear, and deterioration while refusing to produce the very underwriting and pre-loss inspection records that directly bear on that defense;

b. (b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies, including providing only non-substantive, form-over-substance responses (e.g., Chad Lopez's various communications and/or letters and Leigh Anne Tucker's cursory rejection of the Synergyn report);

c. (c) Failing to adopt and implement reasonable standards for the prompt investigation of claims by refusing to consider highly relevant underwriting and pre-loss inspection records, ignoring similar hail claims opened on neighboring properties from the same storm, and conducting only a superficial "review" of Plaintiffs' independent engineering report without engaging a qualified expert or providing any substantive rebuttal;

d. (d) Refusing to pay claims without conducting a reasonable investigation based upon all available information, including the underwriting records in State Farm's possession, the Synergyn engineering report, photographic evidence, and the public adjuster's documentation;

e. (f) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear, as demonstrated by Defendant's continued refusal to pay for the full roof replacement after Plaintiffs provided the Synergyn report conclusively establishing storm-related damage;

f. (g) Compelling insureds to institute litigation to recover amounts due under an insurance policy by stonewalling for months, refusing relevant records, and dismissing expert evidence with a conclusory email while maintaining an unchanged denial position;

g. (n) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement, despite repeated specific requests for the underwriting records and a substantive response to the Synergyn engineering report.

24. These actions were not the result of an honest disagreement or innocent mistake but involved aggravating circumstances, including the blanket refusal of relevant pre-loss records central to State Farm's own denial rationale, the failure to engage substantively with Plaintiffs' engineering expert, and the overall pattern of delay and evasion.

25. As a direct and proximate result of Defendant's unfair and deceptive trade practices, Plaintiffs have suffered actual injury and are entitled to treble damages pursuant to N.C. Gen. Stat. § 75-16 and attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1.

WHEREFORE, Plaintiffs JEANETTE RODRIGUEZ and CYEJUAN WASHINGTON demand judgment against Defendant STATE FARM FIRE AND CASUALTY COMPANY for all insurance benefits due and owing, with any interest on overdue payments, costs pursuant to N.C. Gen. Stat. § 7A-305, attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1, treble damages pursuant to N.C. Gen. Stat. § 75-16, and such other relief as this Court deems just and proper.

### **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs demand a trial by jury on all issues so triable.

/s/ Nicholas Ciani
Nicholas Ciani, Esq.
Bar No.: 63512
Attorney for Plaintiffs
Ciani Law, PLLC
1529 NE 17th Terr.
Fort Lauderdale, FL 33304
Email: manager@ciani.law
Tel: (954) 654-4445
